# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| Joseph David, | ) | |
|---|---|---|
| Plaintiff, | ) | Case No: 15 C 1645 |
| | ) | |
| v. | ) | |
| | ) | Judge Ronald A. Guzmán |
| Illinois State Police Officer Marcus Nettles, | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, the motion to dismiss [13] is granted in part and denied in part.

## STATEMENT

Joseph David sues Illinois State Police Officer Marcus Nettles for excessive force, among other things, after Nettles allegedly punched and struck David several times while leaving traffic court. Nettles moves to dismiss Counts II (excessive force) and IV (indemnification) of David's complaint.

David alleges that he went to court for a traffic matter on June 18, 2014. While leaving the courtroom, David allegedly saw Nettles, who had written the traffic ticket at issue in the court appearance, laughing in his direction. David asked Nettles, "Do you believe in karma?" and Nettles then allegedly punched and struck David several times. Several Cook County bailiffs pulled Nettles off of David. Later that afternoon, David went to the First District Police Station to press charges against Nettles. After approximately 40 minutes, several Illinois State police officers arrived at the station, surrounded David, and arrested him. According to David, Nettles made false representations regarding his earlier misconduct, leading the other Illinois State police officers to arrest David on false charges, which were dismissed a few weeks later.

Nettles contends that the excessive force claim should be dismissed because no seizure had occurred at the time Nettles allegedly assaulted David. *McCoy v. Harrison*, 341 F.3d 600, 605 (7th Cir. 2003) (finding no seizure for alleged excessive force violation because after defendant allegedly struck plaintiff, plaintiff "herself has testified that [defendant] did not try to restrain her after she was knocked down, nor did he order her to remain where she was" and "[h]e asserted no authority as to her person and she did not in any way submit to a show of authority"). It is not clear that a seizure occurred at the time Nettles purportedly struck David. However, David alleges that Nettles was in uniform, on duty and acting under the color of state law at the time of the purported assault and that Cook County bailiffs had to pull Nettles off of David. Viewing the facts and making all inferences in a light most favorable to David, as the Court must do at this stage of the litigation, the Court finds that David has sufficiently alleged facts that a seizure had occurred at the time of the purported

assault. *Id.* ("The Supreme Court applies a two-part test to decide whether a person has been seized so that Fourth Amendment protections are triggered; first, it must be determined if physical force was used along with a show of authority, and second, whether or not the person submitted to the show of authority.").

David also alleges a claim against the Illinois State Police for indemnification, which Nettles seeks to dismiss on Eleventh Amendment grounds. As an initial matter, the Illinois State Police is not named as a defendant in the complaint. Moreover, David fails to respond to Nettles' argument, thus waiving any challenge to this aspect of the motion to dismiss. *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver"). In any event, dismissal is appropriate on the merits. The Eleventh Amendment provides states with immunity from suits in federal courts unless the State consents to the suit or Congress has abrogated its immunity. *Seminole Tribe v. Florida*, 517 U.S. 44, 54 (1996). State agencies are treated the same as states for purposes of the Eleventh Amendment. *Davidson v. Bd. of Govs.*, 920 F.2d 441, 442 (7th Cir. 1990). Accordingly, the motion to dismiss the indemnification claim is granted.

For the reasons stated above, the motion to dismiss [13] is granted in part and denied in part.

**Date**: June 10, 2015

                                                      **Ronald A. Guzmán**
                                                      **United States District Judge**