# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOSEPH DAVID, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 15 C 1645<br>) |
| ILLINOIS STATE POLICE OFFICER MARCUS NETTLES, et al., | ) Judge Ronald A. Guzmán<br>)<br>) |
| Defendants. | )<br>) |

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, Defendants' motion in limine no. 7 [115] is provisionally granted.

## STATEMENT

In their motion in limine number 7, Defendants seek to offer as an exhibit Cook County Sheriff's Courtroom Deputy Niezabitowski's Offense/Incident Report, which contains a narrative of her observations of the altercation between plaintiff and defendant Nettles in one of the courtrooms to which she was assigned. The report narrative states as follows:

> In summary, on the above date and approximate time, R/D Niezabitowski #11090, was assigned to courtrooms 401 and 403 of the Daley Center. R/D was in courtroom 403, when the clerk from 401 notified R/D that above named subject was being verbally abusive to a State Trooper, later known as Marcus Nettles#6359 inside the courtroom. R/D arrived to courtroom 401, at which time subject was sitting in the courtroom, while Trooper Nettles was outside in the hallway. Approximately fifteen minutes later, subject[']s case was heard in front of Judge Marsalek #2063. Upon completion of the case, and being found guilty by the judge the said defendant proceeded to walk away from the bench, and exit the courtroom. Upon exiting the courtroom subject stated to Trooper Nettles "Nigger, karma is a bitch!" in a provoking manner. At this time, Trooper Nettles advised the subject to leave the courtroom, and proceeded to physically escort the defendant out of the courtroom.

(Def.'s Mot., Ex. A, Dkt. # 115, PageID #:798.)

**Records of a Regularly-Conducted Activity Analysis.** For Deputy Sheriff Niezabitowski's Incident Report to be admitted as a business record Fed. R. Evid. 803(6), Defendants must establish the following:

      1.) **That the record was made at or near the time of the act or event**. The report is dated 18 June 14 at 1520 hours (3:20 PM). The event occurred on June 18, 2014, according to the plaintiff's complaint. Therefore, this report was made at or near the time of the incident.

      2.) **That the record was made by, or from information transmitted by, someone with actual knowledge.** The narrative in the report would appear to meet this requirement as well. The information is transmitted by Deputy Sheriff Niezabitowski , a Cook County Deputy Sheriff, who will likely be shown had a duty to prepare the report accurately and had first-hand knowledge of the activity described therein. All persons furnishing and recording information must be under a duty to do so. 7 Handbook of Fed. Evid. § 803:6 (7th ed.). If any participant does not meet this requirement, another hearsay exception must apply to that link of the chain. *Datamatic Servs. v. United States*, 909 F.2d 1029, 1032-1033 (7th Cir. 1990) (letter from witness in charge of company was prepared in the normal course of business, but because sources of information in letter were outsiders with respect to business, it was inadmissible as a business record).

      3.) **That the record was kept in the course of a regularly-conducted activity of a business organization, occupation, or calling, whether or not for profit**. This requirement is also likely to be met. It is part of the regularly-conducted activity of the Cook County Sheriff's Department to secure Cook County courtrooms and the Cook County Sheriff's Department is a business/organization for purposes of the 803(6) exception to the hearsay rule.

      4.) **That making this record was a regular practice of that business activity**. This requirement can be met through the testimony of any witness who is familiar with the recordkeeping practices of the Cook County Sheriff's Department and can testify that it is the regular practice of Deputy Sheriffs to prepare and file incident reports.

      5.) **Then neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness**. The information is being provided by a Cook County Deputy Sheriff who is not involved as a litigant in this case, and is not shown to have any personal interest in the outcome of this case. Plaintiff has failed to articulate any reason for believing that either the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

      Accordingly, if the proper foundation is laid, the document may be admitted as a record of a regularly-conducted business activity under Fed. R. Evid. 803(6).

**Public Records Exception Analysis.** Fed. R. Evid. 803(8) provides that:

> The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness:

> **(8) Public Records.** A record or statement of a public office if:

**(A)** it sets out:

**(i)** the office's activities;

**(ii)** a matter observed while under a legal duty to report, but not including, in a criminal case, a matter observed by law-enforcement personnel; or

**(iii)** in a civil case or against the government in a criminal case, factual findings from a legally authorized investigation; **and**

**(B)** the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness.

The exhibit may be admitted under this exception to the hearsay rule as well. The foundation would have to include a showing that the report is a statement or record of a public office – the Cook County Sheriff - which describes the reporting officer's firsthand observations of the occurrence at issue made while the officer was under a legal duty to report. There is little or no evaluation or opinion in the narrative portion of the report. The reporting deputy's legal duty to file such a report must also be established.

For these reasons, Defendants' motion in limine number 7 is provisionally granted.

**Date:** April 29, 2016

**United States District Judge**